United States District Court
Middle District of Florida
Jacksonville Division

**ROBERT MARK YOUNG, III,**

    *Plaintiff,*

v.                                               NO. 3:21-cv-260-BJD-PDB

**USAA FEDERAL SAVINGS BANK,**

    *Defendant.*

_____

# Order

Before the Court are the defendant's motion to compel arbitration, Doc. 25, the plaintiff's motion to amend the complaint, Doc. 26, the plaintiff's motion to compel, Doc. 27, and the plaintiff's motion for sanctions, Doc. 29.

Local Rule 3.01(g) provides:

> (1) Duty. Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion.
>
> (2) Certification. At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:
>
> > (A) must certify that the movant has conferred with the opposing party,
> >
> > (B) must state whether the parties agree on the resolution of all or part of the motion, and
> >
> > (C) if the motion is opposed, must explain the means by which the conference occurred.

> (3) Unavailability. If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for three days to contact the opposing party. Promptly after either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in a sanction.

*Accord Middle District Discovery* (2021) at Section I.A.2 ("The term 'confer' in Rule 3.01(g) means a substantive discussion. Counsel must respond promptly to inquiries and communication from opposing counsel. Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith. Rule 3.01(g) is strictly enforced. A motion that does not comply with the rule may be summarily denied.")

Here, the motions fail to comply with Local Rule 3.01(g). The plaintiff's motions contain no Local Rule 3.01(g) certification. The defendant's motion contains a Local Rule 3.01(g) certification but the certification does not include the required information. *See* Doc. 25 ("Plaintiff has not yet approved of the relief sought in this Motion."). The Court **denies** the motions without prejudice. Docs. 25, 26, 27, 29.

The Court will conduct a telephone conference on **November 22, 2021, at 2:00 p.m.**, to discuss the status of the case; the most speedy and efficient way to resolve the dispute; and the parties' thoughts on whether a settlement conference before a magistrate judge would be beneficial. Participants must appear by calling (888) 684-8852 at least five minutes before the proceeding. The access code is 1103539; the security code is 0004. The Courtroom Deputy will digitally record the proceeding.

New Local Rule 5.03(e), effective February 1, 2021, addresses decorum for a proceeding by telephone or video and should be followed here:

(e) PROCEEDING BY TELEPHONE OR VIDEO. If a judge conducts a proceeding by telephone or video, a participant:

(1) must dress in professional attire and use a professional background if either is visible,

(2) must use a landline if available,

(3) must designate one speaker for each party or interested person,

(4) must not participate from a vehicle,

(5) must use the mute setting when not speaking,

(6) must try to avoid background noise or other interference,

(7) must wait for the judge to address the participant before speaking and must not interrupt a speaker, and

(8) must start each distinct presentation by saying "this is [name]" or the equivalent.

**Ordered** in Jacksonville, Florida, on November 16, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record

Robert Mark Young, III
66 Smith Trl
Palm Coast, FL 32164